1

2

3

4    *E-Filed on:* ___2/22/07_____

5

6

7

8                 IN THE UNITED STATES DISTRICT COURT

9             FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12    PAUL A. HARPER,

13             Plaintiff,

14             v.

15    RICHARD WIEKING,

16              Defendant.

17

| | |
|---|---|
| | No. C-06-06320 RMW |
| | **ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS** |
| | **[Re Docket No. 6]** |

18       On October 10, 2006, plaintiff initiated this action against Richard Wieking, Clerk of the United

19 States District Court, Northern District of California.  Plaintiff subsequently filed an application to

20 proceed *in forma pauperis*.  As part of his suit, plaintiff also filed a motion to compel discovery, which

21 was denied by the magistrate judge because summons has not been issued due in part to the pendency

22 of plaintiff's *in forma pauperis* application.[1]

23       *In forma pauperis* status requires two findings: a finding of indigence and a finding that the

24 underlying claim has some merit.  *See Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301 (9th

25 Cir. 1981).  Plaintiff satisfies the first requirement because of his low stated income, however, the court

26

27        [1]      The court notes that plaintiff has attempted to serve defendant on February 12, 2007,

28 by mailing a copy of the summons, complaint, and the magistrate judge's Order Denying Premature Motion to Compel dated January 31, 2007.  Personal delivery of the summons and complaint by the plaintiff does not constitute valid service on the defendant.  *See* Fed. R. Civ. P. 4(c).

finds that because plaintiff seeks to sue a court clerk for actions taken in the course of his official duties, his complaint fails to state a claim upon which relief can be granted.  On that ground, the court denies plaintiff's applications to proceed *in forma pauperis.*

Plaintiff's claim appears to be based on the Civil Justice Reform Act ("CJRA"), 28 U.S.C. §§ 471-482 and seeks, *inter alia,* "civil damages for violations of Fed. R. App. Proc. [3 and 4]."  Plaintiff's claims are apparently related to entry of a "Notice of Appeal" on the docket for a case previously filed by the plaintiff in this court, *Harper v. Catterson,* Case No. 06-02587-SI.  Plaintiff alleges that he has been deprived of his civil rights as a result of the entry of this "false" Notice of Appeal and seeks $1,000,000 in compensatory damages.

"Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. United States Bankruptcy Court,* 828 F.2d 1385, 1390 (9th Cir.1987); *see also Moore v. Brewster,* 96 F.3d 1240, 1244-45 (9th Cir. 1996) (outlining absolute judicial immunity and quasi-judicial immunity of court clerk).  "When judicial immunity is extended to officials other than judges, it is because their judgments are functionally comparable to those of judges – that is, because they, too, exercise a discretionary judgment as a part of their function." *Antoine v. Byers & Anderson,* 508 U.S. 429, 436 (1993) (quotation omitted).  Where a clerk files a document with the court, he is entitled to quasi-judicial immunity for his actions, provided the acts complained of are within the clerk's jurisdiction. *Mullis,* 828 F.2d at 1390.  The filing and docketing a notice of appeal is an integral part of the judicial process, and court clerks are the officials through whom such filing is done.  Since plaintiff's claims are based on the clerk's filing and processing of the notice of appeal (or other similar court documents), defendant is entitled to quasi-judicial immunity.  Thus, plaintiff's complaint does not state a claim upon which relief may be granted.  The court finds that plaintiff's claim does not have the requisite merit to permit the plaintiff to proceed *in forma pauperis.*  Therefore, the action will be dismissed unless the required filing fee is paid by March 23, 2007.

DATED:    2/21/07

RONALD M. WHYTE
United States District Judge

1

**Notice of this document has been sent to:**

2

**Plaintiff:**

3

Paul A. Harper
P.O. Box 32621

4

Long Beach, CA 90832
PRO SE

5

6

7

8

**Dated:**       2/22/07                              /s/ MAG

**Chambers of Judge Whyte**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28